**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luis Arturo VALENCIA–AMAYA,**
**Defendant—Appellant.**

**No. 04–10527.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided July 26, 2005.

Bruce M. Ferg, Esq., Cynthia R. Wood, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Ralph E. Ellinwood, Esq., Tucson, AZ, for Defendant–Appellant.

Before: TALLMAN, BYBEE, and BEA, Circuit Judges.

### MEMORANDUM *

Defendant Luis Arturo Valencia–Amaya appeals his conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326. On appeal, he challenges the district court's order granting the government's motion for reconsideration and denying the defendant's motion to dismiss the indictment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ The district court did not abuse its discretion when it granted the motion for reconsideration. *See Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir.2004) (stating standard). Reconsideration was appropriate because, contrary to the district court's reasoning in the initial order granting the motion to dismiss, the underlying deportation proceedings comported with due process. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 113–15, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996) (noting that waiver of court fees in civil cases is generally not constitutionally required); *see also United States v. Corrales–Beltran*, 192 F.3d 1311, 1316–18 (9th Cir.1999).

■ The district court's denial of the defendant's motion to dismiss the indictment withstands *de novo* review. *See United States v. Pallares–Galan*, 359 F.3d 1088, 1095 (9th Cir.2004) (stating standard). Because there was no due process violation in the underlying deportation proceedings, the defendant was not excused from his failure to exhaust administrative remedies. *See id.* His collateral attack on the prior deportation order was barred under 8 U.S.C. § 1326(d)(1).

Finally, the *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), error, if any, was harmless beyond a reasonable doubt. *See United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir.2004) (stating standards).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.